IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

C. MICHAEL GONZALEZ-AGUILERA,

        Petitioner,

    v.

STEVE FRANKE,

        Respondent.

Civil No. 2:12-cv-01438-BR

OPINION AND ORDER

TODD H. GROVER
WARD GROVER, LLP
233 SW Wilson Ave.
Suite 204
Bend, OR  97702

        Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
SAMUEL A. KUBERNICK
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

        Attorneys for Respondent

1 - OPINION AND ORDER -

BROWN, Judge.

Petitioner, an inmate at the Two Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court DENIES the Petition for Writ of Habeas Corpus.

## BACKGROUND

On April 24, 2008, a Multnomah County jury found Petitioner guilty of three counts of Robbery in the Second Degree. On September 22, 2008, Multnomah County Judge Kenneth Walker sentenced Petitioner to seventy months of imprisonment on the first robbery count. At that time, Judge Walker also sentenced Petitioner to 60 months of imprisonment on an unrelated assault conviction, to be served consecutive to the robbery sentence. The remaining two robbery convictions were put on hold while Petitioner resolved a federal criminal matter.

On March 31, 2009, Petitioner pleaded guilty in the United States District Court for the State of Oregon to one count of sending threatening communications through the U.S. mail. District Judge Robert E. Jones sentenced Petitioner to 60 months in federal prison, to be served consecutive to the state robbery sentence imposed by Judge Walker.

Petitioner was then returned to Multnomah County for sentencing on the two remaining robbery counts. The trial judge merged them for the purposes of sentencing, and on April 1, 2009,

2 - OPINION AND ORDER -

imposed a 70-month term of imprisonment, to be served concurrently with the sentence imposed on the first robbery count.

On April 6, 2009, Petitioner filed a notice of appeal with the Oregon Court of Appeals on the robbery convictions.  On April 8, 2009, the Oregon Court of Appeals appointed counsel.  On July 17, 2009, Petitioner's appellate attorney requested and received additional time to file an opening brief.  On November 30, 2009, counsel filed an opening brief.   The State of Oregon then requested and received two extensions of time to file an answering brief.  The State filed its brief on November 30, 2009.  On March 23, 2011, the Oregon Court of Appeals heard oral argument.   On April 13, 2011, the court summarily affirmed the robbery convictions and sentences.  On November 22, 2011, the appellate judgment became final.

While the direct appeal was pending, on November 1, 2010, Petitioner filed a petition for state post-conviction relief ("PCR") in Malheur County Circuit Court.  On December 30, 2010, the Malheur County judge granted the state's motion to dismiss the PCR petition without prejudice.

On July 11, 2011, Petitioner filed a *pro se* petition for state post-conviction relief ("PCR") and a motion to waive the filing fee in Marion County Circuit Court.  The Marion County Circuit Court denied the motion to waive the filing fee.  On August 16, 2011, Petitioner filed a motion for reconsideration,

3 - OPINION AND ORDER -

and on August 29, 2011, he filed a notice of his intent to appeal the denial of the motion to waive the filing fee to the Oregon Court of Appeals.  Following a hearing on January 23, 2012, the Marion County Circuit Court agreed to waive the filing fee and accept the PCR petition.

On February 24, 2012, the PCR trial court appointed counsel for Petitioner and directed counsel to file an amended PCR petition by May 28, 2012.  Counsel did not do so, and on July 3, 2012, the trial court contacted counsel via e-mail.  On October 10, 2012, counsel filed an amended PCR petition on Petitioner's behalf.

On November 21, 2012, the State of Oregon filed a motion to dismiss the PCR action for lack of jurisdiction, because Petitioner filed the action before the effective date of the direct appeal judgment.  On December 18, 2012, the parties resolved the matter and agreed Petitioner should cure the alleged defect by filing a second amended PCR petition, which his attorney did that date.  The matter remains pending in Marion County Circuit Court.

On October 9, 2009, Petitioner filed his first Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court challenging the Multnomah County robbery convictions.  *Gonzalez-Aguilera v. Coursey*, Case No. 2:09-cv-1174-SU.  On June 8, 2010, the Honorable Garr M. King granted Respondent's Motion to Dismiss

4 - OPINION AND ORDER -

and entered judgment dismissing the action without prejudice, because Petitioner had not exhausted his claims.

On April 18, 2012, Petitioner filed a second Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court challenging the Multnomah County robbery convictions.  On August 20, 2012, the Honorable Michael R. Hogan granted Respondent's Motion to Dismiss and entered judgment dismissing the action without prejudice because Petitioner had not exhausted his claims.

On August 6, 2012, Petitioner filed the instant, third Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court challenging the Multnomah County robbery convictions which are the subject of his pending state PCR proceeding. Petitioner asserts that unreasonable delays in the state direct appeal and the PCR proceedings have rendered those proceedings "ineffective" as a means of protecting his federal constitutional rights.    Respondents argues the petition should be dismissed without prejudice, for lack of exhaustion.

## DISCUSSION

A state prisoner seeking federal habeas corpus relief must exhaust his available state remedies.  28 U.S.C. § 2254(b)(1)(A). In order to satisfy the exhaustion requirement, the petitioner must fairly present his claims to the highest state court, and that court must dispose of the claim on the merits.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

5 - OPINION AND ORDER -

Exhaustion is not required, however, if "circumstances exist that render such process ineffective to protect the rights of the applicant."   28 U.S.C. § 2254(b)(1)(B)(ii).   Unusual delay in state court, amounting to a due process violation, is such a circumstance. *Edelbacher v. Calderon*, 160 F.3d 582, 586 (9th Cir. 1998); *Phillips v. Vasquez*, 56 F.3d 1030, 1035 (9th Cir.), *cert. denied*, 516 U.S. 1032 (1995); *Coe v. Thurman*, 922 F.2d 528, 530-31 (9th Cir. 1990).   This court considers the following four factors in determining whether or not delay rises to the level of a due process violation:   (1) the length of delay; (2) the reason for delay; (3) the petitioner's assertion of his right; and (4) prejudice to the petitioner. *Coe*, 922 F.2d at 531 (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

In the instant proceeding, Petitioner has failed to demonstrate that the delay in his direct appeal and state PCR proceeding was caused by a systematic failure of the state courts, or by appointed counsel's failure to pursue the appeal or the PCR proceeding with sufficient vigor.   The record indicates that the direct appeal process was not unreasonably lengthy.   Petitioner's appellate counsel filed the opening brief within eight months, and the state filed its respondent's brief in less than ten months. The Oregon Court of Appeals issued a decision approximately seven months later, and the appellate judgment became final within two and a half years after Petitioner filed his Notice of Appeal.

6 - OPINION AND ORDER -

Petitioner's state PCR proceeding has been pending less than two years. Moreover, it appears the delays in the PCR proceeding are directly attributable to Petitioner's own actions; the premature filing of his *pro se* PCR petition and the filing of multiple PCR petitions in multiple courts.

Although there is no "talismanic number of years or months, after which due process is automatically violated,[1]" the Court concludes any delay in the state proceedings has not been extreme, unusual or attributable to the ineffectiveness of the state courts. *See Edelbacher*, 160 F.3d at 587. Further, although petitioner has been diligent in asserting his right to a speedy disposition, he has failed to make a strong showing of prejudice.

To determine whether the petitioner has been prejudiced by appellate delay, this court looks to the following three factors: (1) oppressive incarceration pending appeal; (2) anxiety and concern of the prisoner awaiting the outcome of the appeal; and (3) impairment of the prisoner's grounds for appeal or the viability of the defense in case of retrial. *Coe*, 922 F.2d at 532. Of these factors, the most serious is the last. *Barker*, 407 U.S. at 532.

Petitioner contends that, because of the length of the sentence on the convictions at issue here, he has a need for

---

[1]*Coe*, 922 F.2d at 531.

immediate habeas relief.  However, as this Court has repeatedly held, the fact that a petitioner may be serving a "relatively short sentence does not constitute an extraordinary circumstance justifying federal intervention." *See Stell v. Myers*, 2011 WL 884825, *1 (D. Or. Mar. 14, 2011); *Westcott v. DeCampe*, 2011 WL 5117887, *5 (D. Or. Oct. 25, 2011) (same).  "To hold otherwise would permit every state prisoner with a short sentence to bypass state remedies, a result which would be directly contrary to the strong presumption in favor of exhaustion." *Stell*, 2011 WL 884825, *1.

The delay experienced by Petitioner in his state proceedings does not rise to the level of a due process violation so as to excuse his failure to exhaust available state remedies. Accordingly, the habeas corpus petition is denied for lack of exhaustion.

### CONCLUSION

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus and DISMISSES this action without prejudice.

IT IS SO ORDERED.

DATED this ___14th___ day of May, 2013.

ANNA J. BROWN
United States District Judge

8 - OPINION AND ORDER -